IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VITTORIA CONELL,

      Plaintiff,

vs.                                                                     1:21-cv-00233-JB-LF

KILOLO KIJAKAZI,[1] Acting Commissioner of the
Social Security Administration,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
<u>PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT</u>**

THIS MATTER comes before the Court on plaintiff Vittoria Conell's Combined Motion and Brief for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), filed on April 22, 2022. Doc. 33. Defendant filed a Response Objecting to the Reasonableness of Plaintiff's Request for Attorney's Fees under the EAJA. Doc. 34. Plaintiff filed a reply. Doc. 35. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3), the Honorable District Judge James O. Browning referred this matter to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 26. Having reviewed the parties' submissions and being fully advised, I find that plaintiff's requested attorney's fees are reasonable. I find that plaintiff's requested costs should be granted in part and denied in part. I therefore recommend that plaintiff's motion be GRANTED IN PART and DENIED IN PART.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

I.     **Background Facts**

Plaintiff applied for Disability Insurance Benefits on April 12, 2018, alleging disability since January 29, 2018, due to anxiety, depression, post-traumatic stress disorder, thyroid disorder, attention deficit hyperactivity disorder, high blood pressure, a peptic ulcer, and Graves' disease. AR 226–27, 262.[2] The Commissioner denied her claim initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and ALJ Jennifer Fellabaum held a hearing on July 29, 2020. AR 33–55. On August 25, 2020, ALJ Fellabaum issued her unfavorable decision. AR 12–32. Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. AR 223–25. The Appeals Council denied plaintiff's request for review. AR 1–6.

On March 16, 2021, plaintiff appealed the Commissioner's decision to this Court, arguing that the ALJ failed to resolve conflicting evidence at step five, improperly rejected the opinion of a consultative psychological examiner, and that the appointment of the Social Security Commissioner was unconstitutional. *See* Docs. 1, 25. The Commissioner filed an unopposed motion to remand pursuant to Sentence Four of 42 U.S.C. § 405(g), which the Court granted. Docs. 30–32.

Plaintiff now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 33. The Commissioner opposes the motion on the grounds that the fees requested are excessive and unreasonable. Doc. 34.

---

[2] Documents 18-1 through 18-8 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

## II. Standard of Review

The EAJA provides for an award of attorney fees to a plaintiff when: (1) he or she is the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. Once the court determines that the government's position was not substantially justified, "then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney

3

should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id*. The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983)).

### III.     Discussion

Plaintiff requests $6,831.00 in fees for 33.0 hours of work and costs in the amount of $502.00. Doc. 33 at 3. Plaintiff requests an additional $310.50 in fees for 1.5 hours of work preparing her reply to the Commissioner's response to her EAJA fee request, *see* Doc. 35, for a total of $7,141.50 in fees. The Commissioner does not dispute that plaintiff was the prevailing party, nor does she argue that the agency's position was substantially justified. The Commissioner contends, however, that the fees requested are excessive and unreasonable. I recommend the Court find that plaintiff's requested fees are reasonable, and that it award the requested amount in full.

The Commissioner asks the Court to substantially reduce plaintiff's fees to $4,140.00—representing 20 hours of work at $207.00 per hour. Doc. 34 at 1. The Commissioner argues that this reduction is warranted because the case was "straightforward," the record was only 729 pages long, and because this case did not require a reply brief due to the voluntary remand. *Id*. at 3. The Commissioner's only developed argument is that plaintiff's fees should be reduced because plaintiff's brief mostly consists of recycled arguments. *Id*. The Commissioner asserts that plaintiff "cut and pasted" two of the three arguments from other briefs, and while "there is nothing wrong with reusing material, . . . the public is entitled to the benefit of such efficiencies

4

when counsel bill for their work." *Id* at 3–4 (citation omitted).

Plaintiff's affidavit of attorney time shows that counsel expended a total of 13.7 hours drafting the 12-page opening brief in this case. Docs. 25, 33-1 at 2 (7.9 hours on 10/7/21, 3.2 hours on 10/9/21, and 2.6 hours on 10/11/21). Even considering that plaintiff's attorney recycled large parts of arguments from other briefs, the Court finds that the amount of time spent drafting the brief—slightly more than an hour per page—is reasonable. The rest of the hours documented in this case were spent on other activities—reviewing the record, issue spotting, case management, and client communications. The Commissioner does not specify which of these claimed amounts of time she finds excessive, instead merely arguing that plaintiff should receive attorney's fees for only 20 hours because this is the "bottom end for a fully briefed case." Doc. 34 at 5 (citing *Manzanares v. Colvin*, No. 15-CV-02794-REB, 2016 WL 6664622, at *3 (D. Colo. Nov. 10, 2016) (unpublished) (noting that "an average of 20–40 hours of attorney time is typically expended to prosecute a social security appeal through to judgment on the merits in federal court")). I note that plaintiff already reduced her claimed hours by 4.8 hours—from 37.8 to 33.0 hours. I find both the hours spent drafting the opening brief and the overall number of hours claimed on this case to be reasonable. I therefore do not recommend that plaintiff's requested attorney's fees be reduced.

The parties disagree about what costs plaintiff may claim in this case. Plaintiff claims $502 in costs: $402 for the court's filing fee, and $100 for association dues for attorneys licensed outside the state. *See* Doc. 33-1 at 3. The Commissioner only opposes reimbursement of the $100 in association dues. Doc. 34 at 3 n.2. The Commissioner argues that these dues are not a reimbursable cost under Local Rule 54.2. *Id*. (citing D.N.M.LR-Civ. 54.2).

Costs recoverable under the EAJA are those costs which are enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(a)(1).  Recoverable costs may also include the amount of the filing fee prescribed under section 28 U.S.C. § 1914(a).  *Id*. at § 2412(a)(2).  Section § 1920 allows the court to tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Tenth Circuit has not ruled on whether pro hac vice fees may be awarded as costs.  Other circuits are split on this question.  *Compare Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022) (holding that fees for pro hac vice admission are not taxable in light of the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Ltd*., 566 U.S. 560, 573 (2012)), *and Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc*., 741 F.3d 955, 958 (9th Cir. 2013) (holding that § 1920 does not allow for an award of pro hac vice fees as taxable costs), *with Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (holding that that pro hac vice fees are recoverable as fees of the clerk under § 1920).  The reasoning of the Seventh and Ninth Circuits is more persuasive.  The Eighth Circuit, in its 2009 decision, admitted that "[n]either Rule 54 nor § 1920 specifically authorize *pro hac vice* fees to be taxed as costs," but then cited with approval a case holding that "28 U.S.C. § 1920 should not be construed so narrowly as to preclude the taxing of pro hac vice costs."  *Craftsmen Limousine, Inc.*, 579 F.3d at 898 (alterations, citation, and quotation marks omitted).  In 2012, however, the United States Supreme Court emphasized that § 1920 must be

6

narrowly construed. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012). I agree with the Seventh and Ninth Circuits that a narrow reading of allowable costs under § 1920 precludes reimbursement for pro hac vice fees. I therefore recommend that the Court deny plaintiff's request for $100.00 in pro hac vice fees. I recommend that plaintiff be awarded only $402.00 in costs for the filing fee.

I THEREFORE RECOMMEND that plaintiff Victoria Conell's motion for EAJA fees (Doc. 33) be GRANTED IN PART AND DENIED IN PART. I recommend that plaintiff be awarded $7,141.50 in fees and $402.00 in costs pursuant to 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

I FURTHER RECOMMEND THAT, if plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge